IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | I N D I C T M E N T |
| | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | Violation:   21 U.S.C. § 846; 18 U.S.C. |
| JASON STEVEN MOE; | ) | §§ 922(g)(3) and 924(a)(2) |
| JUSTIN RAY PETERSON, | ) | |
| a/k/a LITTLE J.; MICHAEL WAYNE | ) | |
| JACOBSON, a/k/a BULLHEAD; | ) | |
| BOBBI JO YANEZ, a/k/a BOBBI JO | ) | |
| SISTAD; and JASON GLEN | ) | |
| MARINUCCI | ) | |

COUNT ONE

**Conspiracy to Distribute and Distribution of Controlled Substances**

The Grand Jury Charges:

From on or about January 1, 2007, and continuously until the date of this Indictment, in the Districts of North Dakota, Minnesota, and elsewhere,

JASON STEVEN MOE;
JUSTIN RAY PETERSON, a/k/a LITTLE J.;
MICHAEL WAYNE JACOBSON, a/k/a BULLHEAD;
BOBBI JO YANEZ, a/k/a BOBBI JO SISTAD; and
JASON GLEN MARINUCCI

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation

of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine within the states of North Dakota, Minnesota, and elsewhere.

2. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities.

3. It was further a part of said conspiracy that the defendant and others would and did use telecommunication facilities.

4. It was further a part of said conspiracy that the defendant and others would and did use United States currency in their drug transactions;

In violation of Title 21, United States Code, Section 846; Pinkerton v. United States, 328 U.S. 640 (1946).

COUNT TWO

**Possession of a Firearm and Ammunition by an Unlawful User
of a Controlled Substance**

The Grand Jury Further Charges:

On or about August 14, 2008, in the District of North Dakota and elsewhere,

MICHAEL WAYNE JACOBSON, a/k/a BULLHEAD,

then being an unlawful user of and addicted to a controlled substance as defined in 21 U.S.C. § 802, knowingly possessed in and affecting commerce a firearm and ammunition, specifically, a Winchester, Model 1906, .22 caliber rifle, serial number 554335, and in excess of 250 rounds of various caliber ammunition;

In violation of Title 18, United States Code, Sections 922(g)(3), and 924(a)(2).

A TRUE BILL:


/s/ Grand Jury Foreperson


/s/ Drew H. Wrigley
DREW H. WRIGLEY
United States Attorney

BMS:aap

3