# United States District Court
## District of North Dakota

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number:   <u>**3:08-CR-106-01**</u> |
| **Jason Steven Moe** | USM Number:   14167-041 |
| | <u>Alberto O. Miera</u><br>Defendant's Attorney |

**THE DEFENDANT:**

pleaded guilty to count: <u>ONE (1) of the Superseding Indictment</u>.

Accordingly, the defendant is adjudged guilty of such count, which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 | Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance | 10/01/08 | 1 |

The defendant is sentenced as provided in pages 1 through <u>4</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

<u>Case number: 3:08-cr-107</u> is dismissed on the motion of the United States.

It is ordered that the defendant shall pay to the United States a special assessment of <u>$100</u>, for count 1 of the Superseding Indictment, which shall be due immediately.  Said special assessment shall be made to the Clerk, U.S. District Court, Quentin N. Burdick U.S. Courthouse, 655 1st Avenue North, Suite 130, Fargo, North Dakota  58102.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

<u>                    July 14, 2009                    </u>
Date of Imposition of Judgment

*[signature]*
<u>                                                              </u>
Signature of Judicial Officer

**RALPH R. ERICKSON**, United States District Judge
Name & Title of Judicial Officer

<u>         Jul 21, 2009         </u>
Date

AO 245B (Rev. 3/04) Sheet 2 - Imprisonment

| | | |
|---|---|---|
| CASE NUMBER: | 3:08-CR-106-01 | Judgment - Page 2 of 4 |
| DEFENDANT: | Jason Steven Moe | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>108 months</u>.

The court makes the following recommendations to the Bureau of Prisons:

1. That the defendant be allowed to participate in the 500 hour Residential Drug Abuse Treatment Program (RDAP) of the Bureau of Prisons, and that he be afforded any benefit from successful completion of this program.

2. That the defendant serve his sentence in Sandstone, Minnesota. The Court specifically finds that despite the defendant's criminal history, which is primarily for drug possession/distribution charges, there is no indication he poses a safety risk to others and it appears Sandstone would be an appropriate facility for him.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

| | | |
|---|---|---|
| CASE NUMBER: | 3:08-CR-106-01 | Judgment - Page 3 of 4 |
| DEFENDANT: | Jason Steven Moe | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  5 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

[ ]  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

The defendant has been convicted of an offense listed in the DNA Analysis Backlog Elimination Act of 2000 or the Justice for All Act of 2004.  These acts require the defendant to cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties page of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05)  Sheet 3 - Supervised Release

| | |
|---|---|
| CASE NUMBER: 3:08-CR-106-01 | Judgment - Page 4 of 4 |
| DEFENDANT: Jason Steven Moe | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall totally abstain from the use of alcohol and totally abstain from illegal drugs or the possession of a controlled substance as defined in 21 USC 802 unless prescribed by a licensed medical practitioner.

2. The defendant shall submit to random drug and alcohol testing as directed by the supervising probation officer.

3. The defendant shall submit his person, residence, workplace, vehicle, computer, and/or possessions to a search conducted by a United States Probation Officer based upon evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation, additional criminal charges, and arrest. The defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

4. The defendant shall disclose his financial situation at the request of the supervising probation officer.

5. Sealed. Attached separately.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   _____   _____
Defendant                                                                 Date

_____   _____   _____
U.S. Probation Officer/Designated Witness                                 Date